**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

BRYAN J. STEINMETZ,

      Plaintiff,

vs.                                                                                                     No. CIV 08-0629 JB/WDS

SUSAN CAROL STEINMETZ, and
CHRISTINA MARIE BURNEY, and
STATE OF NEW MEXICO SECOND
JUDICIAL DISTRICT COURT, and
JUDGE ANGELA JEWELL, and
DOMESTIC VIOLENCE SPECIAL COMMISSIONER
ALISA HADFIELD, ATTORNEY GENERAL GARY
KING, and ASSISTANT ATTORNEY GENERAL ALBERT
LAMA, and DISTRICT ATTORNEY KARI BRANDENBURG,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Complaint Seeking Emergency Injunction, Emergency Preliminary Injunction and Emergency Temporary Restraining Order, filed July 2, 2008. The Court held a hearing on July 3, 2008. The only Defendants who appeared at the hearing were Susan Carol Steinmetz and Christina Marie Burney, who both appeared pro se. No other Defendants have entered an appearance in this case. The primary issue is whether the Court should enjoin a hearing in Plaintiff Bryan J. Steinmetz' state-court domestic proceedings set for 1:15 p.m. on July 3, 2008. Because the state court has vacated that hearing and Mr. Steinmetz has not made the heavy showing needed to secure a temporary restraining order, the Court will deny his request for an emergency restraining order, but has set a hearing for July 24, 2008 at 8:30 a.m. to hear Mr. Steinmetz' request for an emergency preliminary injunction.

The Supreme Court of the United States and the United States Court of Appeals for the Tenth

Circuit have explained that "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). See Keirman v. Utah Transit Auth., 339 F.3d 1217, 1220 (10th Cir. 2001)("'[I]n issuing a preliminary injunction, a court is preliminary attempting to preserve the power to render a meaningful decision on the merits.'")(quoting Tri-State Generation & Transmission Ass'n v., Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir 1986)). The Tenth Circuit has emphasized that "'a preliminary injunction is an extraordinary remedy, and thus the right to relief must be clear and unequivocal.'" Nova Health Sys. v. Edmonton, 460 F.3d 1295, 1298 (10th Cir 2006)(quoting Schrier v. Univ. Of Colo., 427 F. 3d 1253, 1258 (10th Cir. 2005))(brackets omitted).

Under rule 65(a)(1) of the Federal Rules of Civil Procedure, "courts simply cannot issue injunctions without providing notice to the adverse party." Wyandette Nat'l v. Sebelius, 443 F.3d 1247, 1253 (10th Cir. 2006). The court may issue a temporary restraining order without notice to the adverse party if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and [] the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Rule 65(b)(1). To establish its right to a preliminary injunction, a moving party must demonstrate: "(1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest." Wyandette Nat'l v. Sebelius, 443 F.3d at 1254-55 (quoting Kiowa Indian Tribe of Okla. v. Hoover, 150 F.3d 1163,1171 (10th Cir. 1998)). If the moving party demonstrates that the first,

third, and fourth factors "tip strongly in his favor, the test is modified," and the moving party "may meet the requirement for showing success on the merits by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue for litigation and deserving of more deliberate investigation." Okla. ex rel. Okla. Tax Comm'n v. Int'l Registration Plan, Inc., 455 F.3d 1107, 1113 (10th Cir. 2006) (quotation marks omitted). There are, however,

> three types of specifically disfavored preliminary injunctions [for which] a movant must "satisfy an even heavier burden of showing that the four [preliminary injunction] factors . . . weigh heavily and compellingly in movant's favor before such an injunction may be issued": (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits.

O Centro Espirita Beneficiente Uniao do Vegetal v. Ashcroft, 389 F.3d 973, 975 (10th Cir. 2004) (en banc), aff'd 546 U.S. 418 (2006). Courts in the Tenth Circuit "must recognize that any preliminary injunction fitting within one of the disfavored categories must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." Id. "[M]ovants seeking such an injunction are not entitled to rely on this Circuit's modified-likelihood-of-success-on-the-merits standard. Instead, a party seeking such an injunction must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms . . . ." Id. at 976. Because the emergency relief Mr. Steinmetz requests seeks to change the status quo of the parties -- that is, because he seeks to avoid a hearing that the state court has already set -- his petition is disfavored, and he must make a strong showing that he is likely to succeed on the merits and that the threatened injury to him outweighs any harm to the adverse parties.

Moreover, at the July 3 hearing, Mr. Steinmetz informed the Court that he had learned on

July 2, 2008 that the state-court "hearing that was scheduled for 1:15 today has been vacated." Transcript of Hearing at 6:23-24 (taken July 3, 2008)(Mr. Steinmetz).[1]  Mr. Steinmetz' request for a temporary restraining order was, therefore, largely moot, and he cannot otherwise establish a right to the requested order.

   **IT IS ORDERED** that the Plaintiff's Request for an Emergency Temporary Restraining Order  is denied.

                _____
                UNITED STATES DISTRICT JUDGE

*Counsel and Parties:*

Bryan J. Steinmetz
Albuquerque, New Mexico

   *Pro Se Plaintiff*

Susan Carol Steinmetz
Albuquerque, New Mexico

   *Pro Se Defendant*

Christina Marie Burney
Albuquerque, New Mexico

   *Pro Se Defendant*

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.